THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
KEVIN LINDBLADE, Defendant-Appellee.

Second District   No. 84—1006

Opinion filed May 6, 1986.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko, Cynthia N. Schneider, and Patrick Delfino, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Peter B. Nolte, of Sreenan & Cain, of Rockford, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Kevin Lindblade, was stopped at a roadblock operated by the Winnebago County sheriff's police and was arrested for driving while under the influence of alcohol. The trial court subsequently granted his motion to quash his arrest, and the State appeals.

Defendant was driving south on Illinois Highway 2 on August 28, 1983, at approximately 11:45 p.m. He testified that he "came upon" several officers at a roadblock. He was ordered to stop and produce his driver's license, which he did. The officers used a flashlight for illumination and in the process discovered an open beer can in the back seat. Defendant was given a breathalyzer test and was eventually arrested and charged with driving while under the influence of alcohol in violation of section 11—501 of the Illinois Vehicle Code and with the illegal transportation of alcohol in violation of section 11—502 of the Illinois Vehicle Code. Ill. Rev. Stat. 1983, ch. 95½, pars. 11—501, 11—502:

Defendant's initial request to quash his arrest and suppress evidence was denied. On motion for reconsideration, the motion was granted on authority of the decision of the Appellate Court for the Third District in *People v. Bartley* (1984), 125 Ill. App. 3d 575, 466 N.E.2d 346. *Bartley* held that an arrest without probable cause or reasonable suspicion, made at a roadblock similar to the one at issue, violated the fourth amendment. The State filed a certificate of impairment and then appealed to this court.

■ Subsequent to the filing of the brief in this court, *Bartley* was reversed by our supreme court. (*People v. Bartley* (1985), 109 Ill. 2d 273, 466 N.E.2d 346.) The court held that a fixed-point roadblock did

not violate the fourth amendment. The court articulated several factors, including the presence of procedural guidelines, absence of discretion in individual field officers, some indication to the public of the official nature of the operation and selection of the site by supervisory personnel, to be considered in the decision whether a given roadblock passes constitutional muster. 109 Ill. 2d 273, 289-90, 466 N.E.2d 346.

Because the only reason for the trial court's decision in this case was its reliance on the appellate court's decision in *Bartley*, it follows that its judgment must be reversed. Applying the factors listed by the supreme court, we conclude that the roadblock at issue is indistinguishable from the one approved in *Bartley*. Sergeant Rodney Roop of the Winnebago County sheriff's police was in charge of the roadblock that night. He testified that all southbound cars were stopped; the individual officers had no discretion. He stated that the roadblock in question was operated in accordance with a departmental policy on roadblocks and that all officers involved were given detailed instructions regarding procedures on the night of the roadblock. He said that the site was selected by supervisory personnel of the sheriff's department. Finally, he stated that flares and signs were used to show the official nature of the operation. This evidence was uncontroverted.

In addition, we have the trial court's conclusion, with which we agree, that the facts of this case were so similar to those in *Bartley* that *Bartley* was absolutely controlling. Thus, we conclude that the roadblock in this case does meet the constitutional standards announced by the supreme court in *Bartley*.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

STROUSE and SCHNAKE, JJ., concur.